UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| EDWARD M. TERRY,<br><br>    Plaintiff,<br><br>vs.<br><br>SUNTRUST BANKS, INC. and SUNTRUST MORTGAGE, INC., now known as TRUIST BANK,<br><br>    Defendants. | Civil Action No. 2:21-cv-4007-MBS |

## ANSWER

Defendant, Truist Bank f/k/a Branch Banking & Trust Company, successor by merger to SunTrust Bank, successor by merger to SunTrust Mortgage, Inc. ("Truist")[1] answers the Complaint served by Plaintiff, Edward M. Terry ("Plaintiff") in the above-captioned action, and states as follows:

1. Upon information and belief, Truist admits the allegations in Paragraph 1 of the Complaint.

2. Truist denies the allegations in Paragraph 2 of the Complaint.

3. With respect to Paragraph 3 of the Complaint, Truist states that it is a North Carolina state-chartered bank. Truist admits that it is currently doing business in Charleston County, South Carolina. Except as stated herein, Truist denies the allegations in Paragraph 3.

---

[1] Defendant is incorrectly named in the caption as "SunTrust Banks, Inc. and SunTrust Mortgage, Inc., now known as Truist Bank." Defendant will consent to an appropriate amendment of the caption to correct the misnomer.

4. With respect to Paragraph 4 of the Complaint, Truist states that it is the successor by merger to SunTrust Bank, which was the successor by merger to SunTrust Mortgage, Inc. Except as stated herein, Truist denies the allegations in Paragraph 4.

5. Paragraph 5 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Truist states that it does not contest jurisdiction or venue.

6. Paragraph 6 of the Complaint states no new factual allegations and no response is required. To the extent a response is required, Truist incorporates its responses to the preceding paragraphs as if fully restated herein.

7. With respect to Paragraph 7 of the Complaint, Truist admits that on or about December 16, 2015, Plaintiff executed a mortgage ("Mortgage") encumbering the property located at 4 Broughton Road, Charleston, SC 29407 ("Property") and securing a loan from SunTrust Mortgage, Inc. in the original principal amount of $1,078,000.00. Except as stated herein, Trust denies the allegations in Paragraph 7.

8. With respect to Paragraph 8 of the Complaint, Truist denies that Plaintiff has maintained all insurance required for the loan since January 2016, or that Plaintiff has timely notified Truist of all coverage maintained for the property.

9. Truist denies the allegations in Paragraph 9 of the Complaint.

10. Truist admits that it properly obtained lender-placed insurance for the Property during periods for which it had no record of insurance maintained by Plaintiff. Truist denies the remaining allegations in Paragraph 10.

11. Truist denies the allegations in Paragraph 11 of the Complaint.

12. Truist admits that it properly required Plaintiff to begin making escrow payments effective June 1, 2021. Truist denies the remaining allegations in Paragraph 12.

13. Truist denies the allegations in Paragraph 13 of the Complaint.

14. With respect to Paragraph 14, Truist admits that it properly held certain payments in unapplied funds when such funds were insufficient to constitute a full monthly payment under the terms of the loan. Truist denies the remaining allegations in Paragraph 14.

15. With respect to Paragraph 15, Truist states that it accurately recorded Plaintiff's payments and that such payments were insufficient to timely pay the amounts owed. Truist denies the remaining allegations in Paragraph 15.

16. With respect to Paragraph 16, Truist states that it properly imposed late fees on the account. Truist denies the remaining allegations in Paragraph 16.

17. Truist admits that it has accurately reported Plaintiff's loan to certain credit reporting agencies. Truist lacks sufficient knowledge or information to form a belief as to the effect of this reporting on Plaintiff's credit, and therefore denies such allegations.

18. With respect to Paragraph 18 of the Complaint, Truist states that it received correspondence from an individual named James M. Cone, which incorrectly asserted that Plaintiff had maintained all required insurance. This correspondence, Truist's response letter, and any other communications referenced in Paragraph 18 speak for themselves and Truist denies any allegations inconsistent therewith.

19. Truist lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 19 of the Complaint, and therefore denies such allegations.

20. With respect to Paragraph 20 of the Complaint, Truist denies that its credit reporting is in error or that corrective action is required.

21. Paragraph 21 of the Complaint states no new factual allegations and no response is required. To the extent a response is required, Truist incorporates its responses to the preceding paragraphs as if fully restated herein.

22. Paragraph 22 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Truist denies the allegations in Paragraph 22.

23. Truist denies the allegations in Paragraph 23 of the Complaint.

24. With respect to Paragraph 24 of the Complaint, Truist denies that its credit reporting is false or that corrective action is required.

25. Truist denies the allegations in Paragraph 25 of the Complaint.

26. Paragraph 26 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Truist denies the allegations in Paragraph 26.

27. Paragraph 27 of the Complaint states no new factual allegations and no response is required. To the extent a response is required, Truist incorporates its responses to the preceding paragraphs as if fully restated herein.

28. Paragraph 28 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Truist denies that it owes any extra-contractual duties to Plaintiff.

29. Paragraph 29 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Truist denies that it owes any extra-contractual duties to Plaintiff.

30. Paragraph 30 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Truist denies that it owes any extra-contractual duties to Plaintiff.

31. Truist denies the allegations in Paragraph 31 of the Complaint.

32. Truist denies the allegations in Paragraph 32 of the Complaint.

33. Paragraph 33 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Truist denies the allegations in Paragraph 33.

34. Paragraph 34 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Truist denies the allegations in Paragraph 34.

35. Paragraph 35 of the Complaint states no new factual allegations and no response is required. To the extent a response is required, Truist incorporates its responses to the preceding paragraphs as if fully restated herein.

36. Paragraph 36 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Truist denies the allegations in Paragraph 36.

37. Paragraph 37 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Truist denies the allegations in Paragraph 37.

38. Truist denies the allegations in Paragraph 38 of the Complaint.

39. Paragraph 39 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Truist denies the allegations in Paragraph 39.

40. Truist denies that Plaintiff is entitled to any of the relief requested in the Prayer for Relief. Truist denies each and every allegation not expressly admitted herein.

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

Plaintiff fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**
**(Failure to Mitigate Damages)**

Plaintiff's damages are barred, in whole or in part, because Plaintiff has failed, neglected, or refused to mitigate the damages alleged.

**THIRD AFFIRMATIVE DEFENSE**
**(Preemption by Federal Law)**

Plaintiff's claims are preempted by the Fair Credit Reporting Act or other federal law.

**FOURTH AFFIRMATIVE DEFENSE**
**(Truth)**

Any statements made by Truist were true and not defamatory.

**FIFTH AFFIRMATIVE DEFENSE**
**(Conditional Privilege)**

Any statements or actions by Truist were made for a business purpose and are protected by a conditional privilege.

**SIXTH AFFIRMATIVE DEFENSE**
**(Contributory/Comparative Negligence)**

Plaintiff's negligence claim is barred or limited by his own contributory or comparative negligence with respect to the subject loan account.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Regulatory Exemption)**

Plaintiff's unfair trade practices claim is barred or limited to the extent it relies on actions permitted by federal or state regulation.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Constitutionality of Punitive Damages Award)**

The imposition of punitive damages demanded in this action is barred, in whole or in part, as it would violate provisions of the United States and South Carolina Constitutions requiring substantive and procedural due process of law and prohibiting excessive fines and punishments.

## NINTH AFFIRMATIVE DEFENSE
(Reservation of Additional Defenses)

Truist presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional affirmative defenses in this matter, and therefore Truist reserves the right to assert such additional affirmative defenses in the event discovery indicates that such affirmative defenses are appropriate.

**WHEREFORE**, Truist prays that Plaintiff take nothing by virtue of the Complaint herein and that the action be dismissed or judgment otherwise rendered in its entirety against Plaintiff; that attorney's fees and costs be awarded to Truist; and for such other and further relief as this Court may deem just and proper.

Submitted December 15, 2021.

**BRADLEY ARANT BOULT CUMMINGS, LLP**

/s/ G. Benjamin Milam
G. Benjamin Milam (SC Fed. Bar No. 12010)
214 N. Tryon Street, Suite 3700
Charlotte, NC 28202
Tel: (704) 338-6000
Fax: (704) 332-8858
bmilam@bradley.com

*Attorneys for Truist Bank f/k/a Branch Banking & Trust Company as successor by merger to SunTrust Bank as successor by merger to SunTrust Mortgage, Inc.*